IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:13CR285 |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| -vs- | ) | |
| DEVLIN J. BLAND, | ) | **DEVLIN BLAND'S SENTENCING MEMORANDUM** |
| Defendant. | ) | |

On resentencing after a joint motion to remand from the Sixth Circuit, Devlin Bland files this memorandum supporting his request that the Court: (1) vacate his conviction and sentence on Count 3; (2) resentence him to time served on Counts 1 and 2; and (3) impose two years of supervised release on Counts 1 and 2.

In 2013, a grand jury indicted Mr. Bland on three counts: (1) possessing a firearm after a felony conviction, 18 U.S.C. § 922(g); (2) possessing a separate firearm and ammunition after a felony conviction, 18 U.S.C. § 922(g); and (3) possessing body armor after a felony crime-of-violence conviction, 18 U.S.C. § 931. Dkt. No. 1. He pleaded guilty to all three counts under a Rule 11(c)(1)(C) plea agreement. Dkt. No. 32. Both the plea agreement and the PSR calculated his guidelines range as 92 to 115 months in prison, which included a four-level enhancement for committing Count 2 in connection with Count 3. *See* Dkt. No. 34, PSR ¶¶ 6, 32, 104. Without the four-level enhancement, his guidelines range would have been 63 to 78 months in prison. The parties agreed to recommend a 92-month sentence, the bottom of the then-applicable guidelines range.

This Court accepted the plea agreement and sentenced Mr. Bland to 92 months in prison on Counts 1 and 2 and 36 months on Count 3, all to be served concurrently. Dkt. No. 37, Judgment

at 2. The Court also imposed three years of supervised release on each count, all to be served concurrently. *Id.* at 3. Mr. Bland has been in custody since June 26, 2013, *see* Dkt. No. 34, PSR at 1, and with good-time credits, he is scheduled for release on April 17, 2020, *see* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/.

In April, Mr. Bland filed a motion for relief under 28 U.S.C. § 2255. Dkt. No. 39. Relying on *Sessions v. Dimaya*, 135 S. Ct. 1204 (2018), he argued that he was innocent as a matter of law of Count 3. He requested that the Court vacate his conviction on that count and resentence him on the other counts, since his conviction on Count 3 inflated his guidelines range on Counts 1 and 2. The Court denied his motion, concluding that the collateral-attack waiver in his plea agreement barred Mr. Bland from seeking relief. Dkt. No. 49, Order.

Mr. Bland appealed. While his appeal was pending, the Government changed its position and indicated that it would no longer seek to enforce the collateral-attack waiver. The parties filed a joint motion to remand, in which the Government represented that it "intends to waive its reliance on the post-conviction waiver in the plea agreement and agree that the district court should vacate [Bland's] conviction on Count 3 of the indictment." Dkt. No. 11, *Bland v. United States*, 6th Cir. No. 19-3754 (Sep. 27, 2019). The Sixth Circuit granted the motion. Dkt. No. 13-2, Order, *Bland v. United States*, 6th Cir. No. 19-3754 (Oct. 22, 2019).

On remand, the parties agree that the Court should vacate Mr. Bland's conviction and sentence on Count 3. He also requests that the Court: (1) resentence him to time served on Counts 1 and 2; and (2) impose two years of supervised release on Counts 1 and 2. With good-time credits, Mr. Bland has served nearly all of his original 92-month sentence—he is scheduled to be released in approximately four months. The parties agree that, without the no-longer-applicable four-level enhancement based on Count 3, Mr. Bland's guidelines range would be 63 to 78 months in prison.

2

*See* Dkt. No. 48, Gov't Supp. Br. at 3. Thus, a time-served sentence is higher than even the high end of the applicable guidelines range and is more than sufficient to satisfy the purposes of sentencing. Additionally, to account for the time Mr. Bland has served beyond his guidelines range, he requests that the Court reduce his supervised-release term from three years to two years.

Just as 18 U.S.C. § 3582(c)(2) empowers courts to reduce sentences imposed based on Rule 11(c)(1)(C) plea agreements, *see Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011), so does 28 U.S.C. § 2255 empower courts to "'vacate, set aside, or correct" sentences based on Rule 11(c)(1)(C) agreements, *see United States v. Cloud*, 197 F. Supp. 3d 1263, 1270-71 (E.D. Wash. 2016) (quoting 28 U.S.C. § 2255(a)). Mr. Bland requests that the Court vacate his conviction and sentence on Count 3 and resentence him to time served and two years of supervised release on Counts 1 and 2.

                                            Respectfully submitted,

                                            STEPHEN C. NEWMAN
                                            Federal Public Defender
                                            Ohio Bar No.: 0051928

                                            */s/ Christian Grostic*
                                            CHRISTIAN GROSTIC
                                            Ohio Bar No.: 0084734
                                            Office of the Federal Public Defender
                                            1660 W. 2nd Street, Suite 750
                                            Cleveland, OH 44113
                                            Telephone:    (216) 522-4856
                                            E-mail:        christian_grostic@fd.org

                                            *Attorney for Devlin Bland*